# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 15-1503V
Filed: April 26, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| RONALD BELAIR, | |
| Petitioner, | Damages Decision Based on Proffer; Influenza Vaccine ("Flu Vaccine"); |
| v. | Shoulder Injury Related to Vaccine Administration ("SIRVA"); |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop, Esq.,* Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.
*Julia W. McInerny, Esq.,* U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 11, 2015, Ronald Belair ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that he "developed left shoulder pain" after receiving an influenza vaccination on November 5, 2014. Petition at 1; *accord.* Petition at ¶¶ 5-7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 14, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation. On April 26, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $61,118.82. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $61,118.82 in the form of a check payable to petitioner, Ronald Belair.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| RONALD BELAIR, | ) | No. 15-1503 |
| | ) | ECF |
| Petitioner, | ) | Chief Special Master Dorsey |
| | ) | |
| v. | ) | |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

I. **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $61,118.82 which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

II. **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $61,118.82 in the form of a check payable to petitioner. Petitioner agrees.

                                                      Respectfully submitted,

                                                      BENJAMIN C. MIZER
                                                    Principal Deputy Assistant Attorney General

                                                      RUPA BHATTACHARYYA
                                                      Director
                                                      Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                                              VINCENT J. MATANOSKI  
                                              Deputy Director  
                                              Torts Branch, Civil Division

                                              LINDA S. RENZI  
                                              Senior Trial Counsel  
                                              Torts Branch, Civil Division

                                              <u>/s/ Julia W. McInerny</u>  
                                              JULIA W. MCINERNY  
                                              Senior Trial Attorney  
                                              Torts Branch, Civil Division  
                                              U.S. Department of Justice  
                                              P.O. Box 146  
                                              Benjamin Franklin Station  
                                              Washington, D.C. 20044-0146  
DATED: April 26, 2016                 (202) 353-3919