# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1503V
Filed: March 14, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| RONALD BELAIR, | |
| Petitioner, | Ruling on Entitlement; Concession; Influenza Vaccination; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>Jeffrey S. Pop</u>, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.
<u>Julia W. McInerny</u>, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On December 11, 2015, Ronald Belair ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, <u>et seq.</u>,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that he "developed left shoulder pain" after receiving an influenza vaccination on November 5, 2014.  Petition at 1; <u>accord.</u> Petition at ¶¶ 5-7.  Petitioner further alleges that he has suffered the residual effects of his injury for more than six months, and neither he nor anyone else has received compensation or has filed a civil action for his injury alleged as vaccine caused.  <u>Id.</u> at ¶¶ 25-26.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 14, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1. Specifically, respondent "believes that the alleged injury is consistent with SIRVA." *Id.* at 5. Respondent agrees that "petitioner meets the six month statutory requirement . . . [and] has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
